# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09CV367-RJC-DCK

| | |
|---|---|
| LENDINGTREE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| MORTECH, INC., | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** to resolve a dispute between the parties related to ongoing expedited discovery. The undersigned conducted a telephone conference with counsel for the parties on this date, and based on the consensus reached by the parties during that telephone conference, the Court will modify the expedited discovery schedule in the manner set out below.

This is a breach of contract action brought by the Plaintiff LendingTree, LLC against the Defendant Mortech, Inc. seeking, among other things, injunctive relief. Chief Judge Robert J. Conrad, Jr. has set a preliminary injunction hearing for September 21, 2009. The docket for the case contains a "Stipulation and Order Staying Motion and Setting Expedited Discovery Schedule" (Document No. 17) filed September 2, 2009. That Stipulation and Order requires that documents be produced by both parties on or before September 7, 2009, and that depositions in the case (four for each side) be scheduled for September 10, 11, 14 and 15.

The undersigned scheduled the aforementioned telephone conference when it

appeared that Plaintiff LendingTree, LLC did not timely produce documents on or before September 7, 2009. The Court learned during the conference that the Plaintiff produced documents during the evening of September 8, 2009 or the early morning hours of September 9, 2009. In other words, the production was about one day late. The delay was caused by computer problems and was not intentional.

The original deposition schedule called for Mortech personnel, including Jason Steele, Don Kracl, and Doug Foral, to be deposed by LendingTree on Thursday, September 10, 2009, and Friday, September 11, 2009. Counsel for Mortech expressed concern during the telephone conference that it had lost a day of preparation time for defending the aforementioned depositions because of the one-day delay in the production of the documents. While LendingTree's late production included 4,300 pages of documents, counsel for LendingTree has offered in good faith to do all he reasonably can to inform counsel for Mortech in advance of the aforementioned depositions which LendingTree documents counsel for LendingTree might ask Mortech deponents about during depositions. Counsel for Mortech also offered to begin the Thursday and Friday depositions later in the morning to afford opposing counsel some additional review time.

In short, it appears from the telephone conference that while the delay in the production of documents of a little over one day was regrettable, it was not intentional and resulted from unforeseen computer problems. By adjusting the deposition schedule slightly and holding counsel for LendingTree to its notice representations set forth above, it appears a fair accommodation of both parties' interests is possible here.

**IT IS THEREFORE ORDERED** that the first deposition of Mortech personnel–specifically, Jason Steele–shall commence on Thursday, September 10 not sooner

than 11:30 a.m. and shall conclude not later than 4:45 p.m. that same day. This will provide counsel for Mortech with a few additional hours to prepare Mr. Steele for his deposition using documents produced late by LendingTree.

**IT IS FURTHER ORDERED** that counsel for LendingTree, as he himself offered, shall do all he reasonably can to notify counsel for Mortech of the LendingTree documents he wishes to use during his depositions of Mr. Steele and the other two Mortech personnel–Don Kracl and Doug Foral. This accommodation is again intended to mitigate the time lost to counsel for Mortech in deposition preparation due to the late production of LendingTree's documents.

**IT IS FURTHER ORDERED** that the depositions of Don Kracl and Doug Foral of Mortech by counsel for LendingTree shall be conducted on Friday, September 11, 2009. Counsel for the parties are free to discuss a one hour delay to the start to the depositions on that date to the extent counsel for Mortech needs some additional time to prepare. Of course, counsel for both parties need to keep in mind the need to complete those depositions on Friday, September 11, 2009.

**IT IS FURTHER ORDERED** that depositions of LendingTree personnel shall be conducted as previously noticed on Monday, September 14, 2009, and Tuesday, September 15, 2009. All other deadlines set out in the Stipulation and Order shall remain in effect.

Signed: September 9, 2009

David C. Keesler
United States Magistrate Judge